JEFFERSON MACARONI COMPANY, PLAINTIFF-RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices DALY and DONGES.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Pierson, Schroeder & Brand.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the city of Hoboken. Plaintiff on May 17th, 1928, delivered to defendant for carriage to Hoboken two hundred boxes of macaroni valued at $250. The goods were shipped under a bill of lading delivered by defendant to the plaintiff, which recites that the property was delivered to defendant in apparent good order. The defendant delivered the goods to the Delaware, Lackawanna and Western Railroad Company, as a connecting carrier, to be delivered to the point of destination, to wit, Hoboken. On May 26th, 1928, the consignee received notice from the carrier of the arrival of the goods and called at the carrier's office to receive the two hundred boxes and pay the freight charges therefor. Eighteen boxes were broken and their contents either missing or damaged. Whereupon consignee declined to take the eighteen boxes and declined to pay freight on same, but offered to accept the balance of the shipment and pay the freight charges on that portion. This offer was refused and the macaroni that was in good condition remained in the hands of the railroad company, which put it in storage on the 31st day of May, 1928, notifying plaintiff of such storage. On October 19th, 1928, the shipment was sold for $100 to satisfy storage and freight charges of $100.56. No notice of the sale was given to the plaintiff or to the consignee.

The appellant insists that there was no evidence that the goods were in good condition when received by it, and that, in any event, it was not bound to release its lien on any of the goods until the entire amount of freight charges was tendered.

The statement in the bill of lading that the goods were received in apparent good condition makes out a *prima facie* case against the carrier that the goods were in good condition and shifted the burden to the defendant. No explanation was offered by defendant as to the condition of the goods when received.

Under the Carmack amendment, the initial carrier, this defendant, would be liable for the delivery of the goods

whether shipped over its own line or a connecting carrier's line.

Until the carrier was in position to make delivery in the condition in which the goods were shipped, the carrier was not entitled to have its freight charges, and neither the consignee nor the plaintiff was obliged to accept the damaged goods and pay freight therefor, and the consignee was justified in the circumstances in declining to receive the entire shipment upon the refusal of the railroad company to receive freight for the undamaged part and to make delivery thereof or to make allowance for the damage. 10 *Corp. Jur.*, *p.* 447, § 705.

Judgment is affirmed, with costs.